UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FELIX ROSADO,

                Plaintiff,

      *v.*

SHERIFF ERROL TOULEN, JR. of the
SUFFOLK COUNTY CORRECTIONAL
FACILITY, SUFFOLK COUNTY, and
HOST OF ABOUT (18) UNKNOWN
CORRECTIONAL OFFICERS,

                Defendants.

**REPORT AND RECOMMENDATION**
18-CV-3697-MKB-SJB

**BULSARA, United States Magistrate Judge:**

      Plaintiff Felix Rosado ("Rosado"), proceeding *pro se* and *in forma pauperis*, brought this action against Sheriff Errol Toulen Jr. of the Suffolk County Correctional Facility, Suffolk County, and 18 unidentified corrections officers (collectively, "Defendants") on June 25, 2018, alleging violations of his First Amendment rights pursuant to 42 U.S.C § 1983. (Civil Rights Compl. dated June 20, 2018 ("Compl."), Dkt. No. 1). Since that time, Rosado has ignored several court orders, despite receiving warnings that failure to do so would result in dismissal of his case. And on November 5, 2020, Defendants moved to dismiss the action for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Letter Mot. to Dismiss for Lack of Prosecution dated Nov. 5, 2020 ("Mot."), Dkt. No. 36). Rosado has not responded to the motion, and for the reasons outlined below, the Court respectfully recommends Defendants' motion be granted and Rosado's claims be dismissed with prejudice.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      Rosado commenced this action on June 25, 2018. (Compl.). Rosado alleges that, while incarcerated at the Suffolk County Correctional Facility and during the month of

Ramadan, corrections officers attacked him and fellow worshippers during religious services; destroyed their religious articles, including their kufis; desecrated their Qur'an; and forced them to break their fast. (*See id.* pt. II). He seeks compensatory damages, punitive damages, and religious accommodations for observant Muslims incarcerated at the facility. (*Id.* pts. II.A, III).

Initially assigned to Magistrate Judge Steven I. Locke, this case was reassigned to the undersigned on March 8, 2019. (Order dated Mar. 8, 2019). Upon reassignment, this Court scheduled a status conference for May 7, 2019. (Scheduling Order dated Mar. 11, 2019). The Court mailed notice of the conference to Rosado. On May 7, 2019, Rosado failed to appear. (Order dated May 7, 2019). The Court rescheduled the conference for July 18, 2019 and warned Rosado that, if he failed to appear, his case could be dismissed with prejudice. (*Id.*). Rosado failed to appear on July 18, 2019. (Order to Show Cause dated July 18, 2019). The Court issued an Order to Show Cause, directing Rosado to explain to the Court by August 16, 2019 why he failed to appear and warning Rosado that, if he did not respond, the cause would be dismissed. (*Id.*). On October 28, 2019, Rosado informed the Court that his address had changed. (Notice of Change of Address dated Oct. 28, 2019, Dkt. No. 31, at 1).

The Court held a status conference on January 13, 2020; Rosado and counsel for Defendants appeared by telephone. (Min. Entry and Order dated Jan. 13, 2020). The Court established a discovery schedule and set a date for another status conference, to be held in person on February 27, 2020. (*See id.*; Jan. 13, 2020 Status Conference FTR Log 2:14). During the conference, Rosado indicated that he would be released from

custody on February 14, 2020[1] and would be residing in Central Islip. (Jan. 13, 2020 Status Conference FTR Log 2:06). The Court directed Rosado to write to the Court to provide his new address. (*Id.* 2:07, 2:16). The Court also explained that if Rosado did not inform the Court of his new address, his case could be dismissed. (*Id.* 2:13). The Court subsequently mailed notice of the date, time, and location of the conference to Rosado.

Despite these notices, Rosado failed to appear for the conference. (Order to Show Cause dated Feb. 27, 2020). The Court issued an Order to Show Cause and directed Rosado to explain why he did not appear for the conference by March 23, 2020, and it warned that failure to do so would result in dismissal of the case. (*Id.*). The Order to Show Cause was mailed to the addresses on file for Rosado. To date, Rosado has not responded.

On November 5, 2020, Defendants moved to dismiss the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. (Mot.). The motion was served on Rosado at his last known address. (*Id.* at 2). To date, Rosado has not responded to the motion or taken any other action to prosecute this case. And for the reasons outlined below, the Court respectfully recommends the motion be granted and the case be dismissed with prejudice.

## DISCUSSION

"A dismissal for failure to prosecute is committed to the court's sound discretion," and such a dismissal may be with prejudice. *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *2 (E.D.N.Y. Jan. 11, 2019), *report*

---

[1] Defendants assert, based on their research, that Rosado was released from custody on February 20, 2020. (Mot. at 1 & n.2).

3

*and recommendation adopted*, 2019 WL 356939 (Jan. 29, 2019); s*ee, e.g.*, *Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725, 2007 WL 4276837, at *2–3 (E.D.N.Y. Nov. 30, 2007) (adopting report and recommendation) (dismissing plaintiff's claims with prejudice under Rule 41(b)).

Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with . . . court order[s], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jin Fang Luo*, 2019 WL 360099, at *2 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). In addition, "the court must make a finding of 'willfulness, bad faith, or reasonably serious fault' . . . before dismissing the case." *Kaplan v. Hezbollah*, No. 20-CV-1053, 2021 WL 1574037, at *1 (2d Cir. Apr. 22, 2021) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam)). Each factor is addressed below in turn.

Duration

The duration of Rosado's noncompliance warrants dismissal. "[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." *Loc. Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Car-Win Constr. Inc.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (adopting report and recommendation). "[P]eriods of six months or more weigh even more heavily toward such remedies." *Id.* at 266 (collecting cases).

4

Rosado first failed to appear for a status conference on May 7, 2019. (Order dated May 7, 2019). He failed again to appear for a status conference on July 18, 2019, (Order to Show Cause dated July 18, 2019); on January 13, 2020, he appeared before the Court, (Min. Entry and Order dated Jan. 13, 2020). Following the January 13, 2020 conference, Rosado failed to appear for a third status conference on February 27, 2020, which was over one year ago. (Order to Show Cause dated Feb. 27, 2020). This extended period of noncompliance is sufficient to warrant dismissal. *See, e.g.*, *Battiste-Downie v. Covenant House*, 471 F. App'x 78, 79 (2d Cir. 2012) (affirming dismissal under Rule 37(b)(2)(a)(V) where plaintiff "persisted in her noncompliance for approximately one year"). And although Rosado appeared for a status conference on January 13, 2020, the intervening noncompliance with Court orders, failure to respond to Defendants' motion to dismiss, and failure to otherwise prosecute this case for well over 14 months warrants dismissal with prejudice. *See, e.g.*, *Miller v. County of Nassau*, No. 12-CV-4466, 2017 WL 8813130, at *2, *4 (E.D.N.Y. May 5, 2017) (recommending dismissal with prejudice after plaintiff appeared for a status conference and subsequently failed to prosecute his case in the following six months), *report and recommendation adopted sub nom. Colon v. County of Nassau*, 2018 WL 882030 (Feb. 14, 2018).

Notice

Rosado has received sufficient notice to justify dismissal of his claims. "[T]he Second Circuit 'has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility.'" *Loc. Union No. 40*, 88 F. Supp. 3d at 266 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-5950, 2014 WL 4635575, at *3 (S.D.N.Y. Aug. 19, 2014) (adopting report and recommendation)). Any warnings must

5

also "provide clear guidance" for litigants—especially those proceeding *pro se*—on how to proceed and avoid dismissal. *Baptiste*, 768 F.3d at 219. Rosado was clearly warned multiple times that failure to update his address with the Court, appear for conferences, or comply with Court orders could result in dismissal of his claims. (*See* Order dated May 7, 2019 ("Plaintiff must attend; should he fail to do so, the Court may dismiss his case with prejudice under Rule 41(b)."); Order to Show Cause dated July 18, 2019 ("Plaintiff is directed to explain to the Court by 8/16/2019, in writing, why he failed to appear. Should he fail to do so, the Court will issue a sua sponte report and recommendation dismissing the case under Rules 16, 37, and/or 41."); Order to Show Cause dated Feb. 27, 2020 ("Plaintiff must write a letter to the Court explaining why he failed to attend the Status Conference by 3/23/2020. Failure to do so may result in a recommendation to dismiss the case under Rules 37 and/or 41 for failure to prosecute and failure to abide by Court Order[s].")). These orders were served on Rosado, as was Defendants' motion to dismiss for lack of prosecution. (Mot. at 2).

This notice is sufficient to permit dismissal.[2] *See, e.g.*, *Cadet v. ADP, Inc.*, No. 11-CV-3240, 2013 WL 6058918, at *8 (E.D.N.Y. Nov. 14, 2013) (adopting report and recommendation) ("Plaintiff has been explicitly warned . . . that his case would be dismissed if he failed to appear for court conferences."); *Martin v. Metro. Museum of Art*, 158 F.R.D. 289, 292–93 (S.D.N.Y. 1994) (adopting report and recommendation) (finding it "clear," after one warning by the court, that "plaintiff received adequate notice that his failure [to comply with a court order] would result in dismissal").

Prejudice to Defendants

In evaluating prejudice to the defendants resulting from a plaintiff's failure to prosecute his claims, courts have found dismissal to be appropriate "when a party has become completely inaccessible, as inaccessibility 'strongly suggests that [plaintiff] is not diligently pursuing [his] claim.'" *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (alterations in original) (quoting *Xu Dong v. United States*, No. 02-CV-

---

[2] In the context of a dismissal for failure to prosecute, notice of court orders to a plaintiff's last known address is sufficient. *See, e.g.*, *Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) ("[T]he Court attempted to notify plaintiff of the potential dismissal of her case via its May 9 Order, which was returned to sender. Regardless of whether plaintiff actually received notice that further delays would result in dismissal, it remained her 'duty to process [her] case diligently.' It is also plaintiff's obligation to inform this Court's Pro Se office of any change of address. Plaintiff's inaccessibility for over six months is anything but diligent prosecution of her case and she has not notified the Pro Se office of any change of address." (quoting *Smith v. Hum. Res. Admin.*, 91-CV-2295, 2000 WL 307367, at *2 (S.D.N.Y. Mar. 24, 2000))). That Rosado appears to have moved without providing any forwarding address or means of contact does not entitle him to continue with his case. "It is plaintiff's obligation to notify the Court of any change in address[.]" *Gordon v. Peralta*, No. 10-CV-5148, 2012 WL 2530578, at *2 (E.D.N.Y. June 11, 2012), *report and recommendation adopted*, 2012 WL 2530106 (June 29, 2012); *see, e.g.*, *Islam v. Athlete's Needs, Inc.*, No. 18-CV-1562, 2018 WL 5781228, at *1–2 (E.D.N.Y. Sept. 5, 2018) (finding warning adequate to justify dismissal when order was sent to plaintiff and never returned as undelivered), *report and recommendation adopted*, 2018 WL 5777020 (Nov. 1, 2018).

7

7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004)).  And "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Id.*; *see, e.g.*, *Xu Dong*, 2004 WL 385117, at *3 ("[T]he very fact that Dong has been inaccessible for the last two months—without notifying the Court, the Government, or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim. Dong's totally unexplained disappearance is manifestly unreasonable and therefore presumptively prejudices the Government." (citations omitted)).

Rosado's repeated failure to attend hearings and failure to comply with Court orders has prejudiced Defendants.  They "still have not had an opportunity to explore the underlying facts of the plaintiff's allegations" nor to explore potential defenses. (Mot. at 2).  And, as Defendants point out, evidence is likely stale, and Defendants have had no ability—because of Rosado's prolonged absence—of deposing Rosado or of otherwise challenging his allegations.  (*See id.*).  At this point, the prejudice from the pending, but still nascent, litigation is substantial and justifies dismissal.  *See, e.g.*, *Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3324, 2018 WL 3019875, at *2 (E.D.N.Y. June 18, 2018) (adopting report and recommendation) ("Defendants' inability to collect information that would enable them to determine the viability of potential defenses and/or arrive at a view as to their potential exposure would certainly prejudice them."); *Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000) ("Because plaintiffs' chronic inaction has interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

8

Balancing of Interests

In determining whether the balance of interests favor dismissal under Rule 41(b), the Court must consider a plaintiff's due process interests against its own interest in managing the docket. "In deciding this factor, the Court must strike a 'balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard.' The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." *Langdell v. Hofmann*, No. 05-CV-174, 2006 WL 3813599, at *4 (D. Vt. Dec. 27, 2006) (quoting *Drake*, 375 F.3d at 257). The Court has repeatedly invested its time addressing Rosado's noncompliance and has given him several opportunities to pursue his claims. The extended failure to prosecute this case therefore weighs in favor of dismissal. *See, e.g.*, *Dungan v. Donahue*, No. 12-CV-5139, 2014 WL 2941240, at *6 (E.D.N.Y. June 30, 2014) (adopting report and recommendation) ("[B]alancing the Court's interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard militates in favor of dismissal. 'It is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute this action.' By abandoning any effort to prosecute his case, plaintiff has demonstrated that he has no interest in being heard." (second alteration in original) (quoting *Lukensow v. Harley Cars*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989))); *see also Langdell*, 2006 WL 3813599, at *5 ("Langdell's failure to comply with the discovery process and the Court's order on the motion to compel diminishes his right to have his claim heard by the Court. Because Langdell has made no effort over the last year to prosecute his case, it is unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." (citation omitted)).

9

Efficacy of Lesser Sanctions

A sanction other than dismissal would not be effective in this case. When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [him] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at \*2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (Apr. 3, 2018).

The record suggests no reason to believe that a lesser sanction, such as a monetary fine or a sanction short of dismissal, would encourage Rosado to reengage in this litigation, especially given the repeated failure to abide by prior Court orders that warned his case could be dismissed should he fail to comply. At this point, given the multiple opportunities afforded to Rosado to participate in the case, the Court has no reason to believe any sanction other than dismissal is appropriate. *See, e.g.*, *Adams v. City of New York,* No. 17-CV-1465, 2018 WL 1157976, at \*3 (S.D.N.Y. Mar. 2, 2018) ("The Court has considered whether a lesser sanction is appropriate, and concludes—in light of Mr. Adams' demonstrated disinterest in prosecuting this case and the time he has wasted of both the defendants and the Court—that it is not."); *Dungan*, 2014 WL 2941240, at \*4 ("[I]n light of plaintiff's ongoing unresponsiveness to the Court, no sanctions other than dismissal would be effective. The record presents no reason to believe that a monetary fine or other sanction short of dismissal would inspire in plaintiff the dedication to this litigation that he currently lacks, especially given the demonstrable inefficacy of repeated warnings that plaintiff's continued noncompliance would result in dismissal. This case therefore presents an example of extreme circumstances warranting the harsh remedy of dismissal[.]"); *Gordon*, 2012 WL

10

2530578, at *2 ("[T]he Court has tried the lesser sanction of 'allowing additional time[,] . . . and warning [plaintiff] of possible dismissal to no avail. Requiring defendant's counsel to appear again or imposing lesser sanctions on plaintiff would be futile at this juncture." (second, third, and fourth alterations in original) (quoting *Cross v. Village of Cooperstown*, No. 04-CV-501, 2007 WL 3254269, at *4 (N.D.N.Y. Nov. 2, 2007))).

<u>Willfulness, Bad Faith, or Reasonably Serious Fault</u>

The Court also finds that Rosado's failure to prosecute this case was willful. In the context of dismissal with prejudice, "[t]he concept[ ] of 'willfulness' . . . impl[ies] a 'deliberate disregard of the lawful orders of the court.'" *Coon v. Sw. Vt. Med. Ctr.*, No. 13-CV-182, 2014 WL 4954452, at *9 (D. Vt. Oct. 2, 2014) (quoting *Cine Forty-Second St. Theater Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1067 (2d Cir. 1979)); *cf. Elgard Corp. v. Brennan Constr. Co.*, 248 F. App'x 220, 223 (2d Cir. 2007) (noting that, in the context of a party's default, willfulness "refer[s] to conduct that is more than merely negligent or careless"). On the other hand, dismissal would be inappropriate where "the failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of" plaintiff. *Cine Forty-Second St. Theatre Corp.*, 602 F.2d at 1066. The Court may consider the sophistication and circumstances of a plaintiff in evaluating whether his disregard of court orders was "willful." *See Coon*, 2014 WL 4954452, at *10 (considering whether the plaintiff's failure to comply with discovery orders was "a result of his alleged brain injury and memory loss").

Rosado was informed multiple times of his obligation to keep the court updated with his current contact information. (*E.g.*, Order dated May 7, 2019; Jan. 13, 2020 Status Conference FTR Log 2:07, 2:16). He was informed by phone of the status conference on February 27, 2020. (Jan. 13, 2020 Status Conference FTR Log 2:14). At

11

the January 13, 2020 status conference, he appeared to understand the proceedings and the basic obligations of a party that initiates litigation. While there are several potential explanations for Rosado's failure to prosecute this case for over a year, there is no evidence before the Court that Rosado's failure to appear was anything other than deliberate and willful. As a result, the Court finds that dismissal with prejudice is appropriate. *See, e.g., Peters v. Dep't of Corr.*, 306 F.R.D. 147, 150 (S.D.N.Y. 2015) ("Plaintiff's failure to comply with the January 12 Order, the February 5 Order and the various orders granting extensions during the pendency of Defendants' motion apparently has been willful as the Clerk in each case was directed to mail the Court's communications to Plaintiff's last provided address, which Plaintiff has an obligation to update. At the outset of this case, by letter dated July 29, 2011, the Clerk of Court advised Plaintiff that he 'must immediately notify the Court of any change of address by submitting a letter to the pro se office or [he] may risk dismissal' of his case.").

## CONCLUSION

For the reasons stated above, the Court respectfully recommends that Defendants' motion be granted and Rosado's claims be dismissed with prejudice for failure to prosecute.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").

12

Defendants shall serve a copy of this Report and Recommendation on Rosado at his last known address, and to any other electronic contact information known to them, and file proof of such service in the record within 14 days of the date of this Order.

                                                        SO ORDERED.

                                                      */s/ Sanket J. Bulsara* April 26, 2021
                                                      SANKET J. BULSARA
                                                      United States Magistrate Judge

Brooklyn, New York