UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

FELIX ROSADO,

        Plaintiff,

v.

SHERIFF ERROL TOULEN, JR. *of the Suffolk County Correctional Facility*, SUFFOLK COUNTY *And Host Of About (18) Unknown Correctional Officers*, C.O. JOHN DOE, JOHN DOE, JOHN DOE, JOHN DOE *of the Suffolk County Corr. Facility*, and JOHN DOE,

        Defendants.

**ORDER**
18-CV-3697 (MKB) (SJB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff Felix Rosado, proceeding *pro se*, commenced the above-captioned action on June 25, 2018, while incarcerated, against Defendants Sheriff Errol Toulen Jr. of the Suffolk County Correctional Facility, Suffolk County, and eighteen unidentified corrections officers, alleging violations of his First Amendment rights pursuant to 42 U.S.C. § 1983. (Compl., Docket Entry No. 1.) On November 5, 2020, Defendants moved to dismiss the Complaint for failure to prosecute, (Mot. to Dismiss, Docket Entry No. 36), and, by report and recommendation dated April 26, 2021, Magistrate Judge Sanket J. Bulsara recommended that the Court grant Defendants' motion and dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (the "R&R"). (R&R 1, 12, Docket Entry No. 37.)

    For the reasons explained below, the Court adopts the R&R and dismisses the action with prejudice for failure to prosecute.

**I. Background**

After failing to appear at several status conferences before Judge Bulsara, Plaintiff appeared at a January 13, 2020 teleconference and informed Judge Bulsara that he would be released from custody on February 14, 2020, and would be residing in Central Islip. (R&R 2–3.) Judge Bulsara directed Plaintiff to provide the court with his new address and explained that Plaintiff's case could be dismissed if he failed to do so. (*Id.* at 3.) In addition, Judge Bulsara scheduled a follow-up conference for February 27, 2020. (*Id.*) Plaintiff failed to provide his new address and failed to appear at the February 27 conference. As a result, Judge Bulsara issued an order to show cause directing Plaintiff to write a letter to the court by March 23, 2020, explaining why he failed to attend the conference and warning Plaintiff that "[f]ailure to do so may result in a recommendation to dismiss the case under Rules 37 and/or 41 [of the Federal Rules of Civil Procedure] for failure to prosecute and failure to abide by [c]ourt [o]rder." (Order to Show Cause dated Feb. 27, 2020.) In addition, Judge Bulsara noted that, based on Plaintiff's representations at the January 13 conference, "[t]he [c]ourt believes pro se Plaintiff is no longer incarcerated." (*Id.*) Accordingly, the order to show cause also directed Plaintiff "to provide the [c]ourt with his new contact information in his letter," and the order was mailed to Plaintiff at both his correctional facility and his last known Central Islip address. (*Id.*) Plaintiff never responded to the order to show cause. (R&R 3.)

Several months later, on November 5, 2020, Defendants moved to dismiss the Complaint in its entirety for failure to prosecute, noting that they had "received no contact in any fashion from [Plaintiff]" and that, based on their research, he was released from custody on February 20, 2020. (Mot. to Dismiss 1.) Plaintiff did not respond to Defendants' motion, and, by report and recommendation dated April 26, 2021, Judge Bulsara recommended that the Court dismiss the

action pursuant to Rule 41(b), noting that Plaintiff's "noncompliance with [c]ourt orders, failure to respond to Defendants' motion to dismiss, and failure to otherwise prosecute this case for well over [fourteen] months warrants dismissal with prejudice." (R&R 5 (citing *Miller v. County of Nassau*, No. 12-CV-4466, 2017 WL 8813130, at *2, 4 (E.D.N.Y. May 5, 2017), *report and recommendation adopted sub nom. Colon v. County of Nassau*, 2018 WL 882030 (Feb. 14, 2018)).) Judge Bulsara cautioned that "[f]ailure to file objections within [fourteen days of the R&R] waives the right to appeal any judgment or order entered by the [d]istrict [c]ourt in reliance on this [R&R]." (*Id.* at 12.) The R&R was served on Plaintiff by mail the next day at both his correctional facility and his last known address. (Certificate of Service, Docket Entry No. 38.)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any

3

further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court grants Defendants' motion and dismisses the action with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address of record and close this case.

Dated: May 20, 2021
      Brooklyn, New York

SO ORDERED:

s/ MKB

MARGO K. BRODIE
United States District Judge